IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATISHA SHAMOND DAVENPORT, | No. 2:16-CV-2729-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 19) and defendant's cross-motion for summary judgment (Doc. 22).

/ / /

/ / /

/ / /

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on May 30, 2014. In the application, plaintiff claims that disability began on November 21, 2010. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on February 2, 2016, before Administrative Law Judge ("ALJ") Sara A. Gillis. In a June 20, 2016, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): depressive disorder; anxiety disorder; mild degenerative disc disease of the cervical spine; mild curvature of the thoracic spine; facet arthropathy of the lumbar spine; and osteoarthritis of the shoulders;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: she can perform light work, except she is limited to occasional balancing, stooping, kneeling, crouching, crawling, climbing ramps/stairs, and climbing ladders/ropes/scaffolds, she is limited to unskilled work; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on September 13, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must

be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues: (1) the ALJ failed to articulate any reasons for rejecting the opinion of Terralyn Renfro, Psy.D., that plaintiff is limited to low-stress work involving simple one- and two-step instructions; and (2) the ALJ's conclusion that plaintiff can perform light work is based on the ALJ's misinterpretation of the objective evidence and is not supported by any medical opinions of record.

    **A.**    **Evaluation of Medical Opinions**

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4

(9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

/ / /

/ / /

/ / /

/ / /

/ / /

In this case, the ALJ relied on the opinions of the state agency non-examining doctors, as well as the opinion of Dr. Renfro. See CAR at Exhibits 3A and 5F).[1] As to the state agency doctors, the ALJ stated:

> The DDS medical consultants opined that the claimant could understand and remember simple 1 to 2 step instructions, maintain appropriate social interactions with supervisors and coworkers as needed for simple work, and adapt to simple changes in procedure and simple stresses (Exhibit 3A/10-12). To the extent that it [is] consistent with this decision, the undersigned gives significant weight to the DDS medical consultants. However, based upon the updated medical records, including the objective findings on imaging studies, the undersigned finds that the claimant is limited to a range of light work.

Plaintiff raises no issues with respect to the ALJ's reliance on the state agency doctors' opinions.

As to Dr. Renfro, the ALJ stated:

> . . .[I]n August 2014, the claimant underwent a psychological consultative evaluation at the request of the Social Security Administration (Exhibit 5F). On mental status examination, Terralyn Renfro, Psy.D., observed that the claimant was generally cooperative, exhibited no psychomotor agitation or retardation, concrete and coherent thought process, intact memory, exhibited some difficulty with calculations, and fair insight (*Id.* at 3-5). Dr. Renfro diagnosed a major depressive disorder, mild, and assigned a GAF score of 53 (*Id.* at 5), indicating moderate difficulty in social, occupational, or school functioning. . . .
>
> \* \* \*
>
> . . .Dr. Renfro opined that the claimant is able to understand, remember, or carry out simple one-step or two-step job instructions, is unable to do detailed and complex instructions, is mildly impaired in her ability to maintain persistence and pace, is mildly impaired in her ability to associate with day-to-day activity, is able to accept simple instructions, is mildly to moderately impaired in her ability to perform activities without special or additional supervision (Exhibit 5F/7). To the extent that it is consistent with this decision, the undersigned. . .gives significant weight to the opinion of Dr. Renfro because it is well supported by the medical evidence as a whole, including the observations by Dr. Renfro and the claimant's treatment providers.

///

///

---

[1] Citations are to the Certified Administrative Record lodged on April 5, 2017 (Doc. 13).

Plaintiff argues that the ALJ erred by failing to provide any reasons for rejecting Dr. Renfro's opinion that plaintiff is limited to low-stress work involving simple one-or two-step instructions. See CAR 468. As to her ability to handle stress, plaintiff cites Social Security Ruling 85-15 and argues that the ALJ erred by failing to consider "impairment-related limitations creased [sic] by work-related stress." As to her ability to perform work involving simple one- and two-step instructions, plaintiff argues that this limitation allows only for work involving Reasoning Level 1, see Rounds v. Commissioner, 795 F.3d 1177, 1182 (9th Cir. 2015), and precludes the ALJ's finding that she can perform the full range of unskilled work because some unskilled work involves Reasoning Level 2.

As defendant concedes, the ALJ's decision did not specifically reject Dr. Renfro's opinion regarding low-stress work involving simple one- and two-step instructions. The ALJ only accepted Dr. Renfro's opinions to the extent they are consistent with the record. Because the ALJ did not include any limitation to low-stress work involving simple one- and two-step instructions, the ALJ apparently felt that limitation was inconsistent with the record.

To reject the opinion of an examining medical professional, the ALJ must set out a thorough summary of the conflicting clinical evidence and provide an interpretation of that evidence in terms of the opinion being assessed. See Magallanes, 881 F.2d at 751-55. In this case, the ALJ failed to provide any analysis as to Dr. Renfro's opinion that plaintiff is limited to low-stress work involving simple one- and two-step instructions. In particular, the court is left to guess which specific portions of the record the ALJ found to be inconsistent with Dr. Renfro's opinion or why the ALJ found an inconsistency. Further, the court cannot say that the failure to provide an analysis of Dr. Renfro's opinion is harmless error. As plaintiff notes, the ultimate disability determination may very well have changed had the error not occurred because a limitation to work involving only simple one- and two-step instructions would preclude the full range of unskilled work. Batson v. Commissioner of Social Security, 359 F.3d 1190 (9th Cir. 2004.

The matter will be remanded to allow the ALJ to provide a proper analysis of Dr. Renfro's opinion that plaintiff is limited to low-stress work involving simple one- and two-step instructions.

**B.    Physical Residual Functional Capacity**

Residual functional capacity is what a person "can still do despite [the individual's] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a) (2003); see also Valencia v. Heckler, 751 F.2d 1082, 1085 (9th Cir. 1985) (residual functional capacity reflects current "physical and mental capabilities").  Thus, residual functional capacity describes a person's exertional capabilities in light of his or her limitations.

In this case, the ALJ concluded that plaintiff can perform light work.  Plaintiff argues that the ALJ erred by engaging in her own interpretation of the medical record in the absence of any medical opinions relating to plaintiff's physical residual functional capacity. According to plaintiff:

> No state agency physician or other medical expert reviewed the treatment notes of Plaintiff's pain specialist, results of her x-rays or her cervical CT scan (Tr. 63-91).  Instead, the ALJ reviewed this evidence on her own and termed the objective findings "mild" and determined Plaintiff could perform light work (Tr. 20-21). . . .

Citing the First Circuit Court of Appeals' decision in Nguyen v. Chater, 172 F.3d 31, 36 (1st Cir. 1999), plaintiff argues that the ALJ's lay interpretation of the medical evidence does not constitute substantial evidence.

As discussed above, the court finds that the ALJ erred with respect to consideration of Dr. Renfro's opinion that plaintiff is limited to low-stress work involving simple one- and two-step instructions.  Because such a limitation would preclude a full range of unskilled work, the ALJ's residual functional capacity assessment is potentially flawed.  On remand, the ALJ should re-evaluate plaintiff's residual functional capacity based on whether plaintiff is found to be limited to low-stress work involving simple one- and two-step instructions.

## IV. CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 19) is granted;
2. Defendant's cross motion for summary judgment (Doc. 22) is denied;
3. This matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

DATED: March 27, 2018

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE